IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TONYA ANN KURIGER,<br><br>        Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>        Defendant. | CIVIL ACTION NO.: 2:22-cv-34 |

## REPORT AND RECOMMENDATION

Plaintiff filed this appeal based on 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's (the "Commissioner") final decision denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*.  Defendant filed a Motion to Dismiss, to which Plaintiff responded.  Docs. 9, 13.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Defendant's Motion and **DISMISS** Plaintiff's Complaint.  Because I have recommended dismissal of Plaintiff's Complaint, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal

## BACKGROUND

On August 22, 2016, Administrative Law Judge Craig R. Petersen (the "ALJ") issued a decision denying Plaintiff's claims for disability insurance benefits and supplemental security income.  Doc. 1-1 at 1–3.  On February 8, 2017, the Appeals Councils sent Plaintiff a notice advising her it had denied Plaintiff's request to review the ALJ's decision.  Id. at 40.  The notice informed Plaintiff of her right to seek a court review of the ALJ's decision, how to begin such

proceedings, and most pertinently, that she had 60 days to timely file a civil action. Id. at 41. The notice stated the 60-day clock would commence upon Plaintiff's receipt of the notice and the Appeals Council would presume Plaintiff had received the notice five days after it was issued. Id. Thus, Plaintiff had 65 days from February 8, 2017—or until April 14, 2017—to file her civil action. However, Plaintiff did not file this action until nearly five years later on April 13, 2022. Doc. 1.

## DISCUSSION

Section 405(g) authorizes judicial review of cases arising under Titles II and XVI of the Social Security Act. Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to [her] of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis added). The Social Security Administration provides further clarification of the statute regarding the timely appeal process:

> Any civil action . . . *must be instituted within 60 days after the Appeals Council's notice of denial* of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, *the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice*, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c) (emphasis added). While equitable tolling "may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.'" Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007). These traditional equitable tolling principles require a claimant to "demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." Id. (emphasis in original).

Plaintiff's Complaint was filed far beyond the 60-day period allotted in 42 U.S.C. § 405(g).  Thus, the only way Plaintiff can defeat the Motion to Dismiss is by demonstrating extraordinary circumstances which require tolling of the limitations period.

Plaintiff offers several explanations for her five-year delay in filing this cause of action, none of which are sufficient to demonstrate the extraordinary circumstances that would support equitable tolling of the statute of limitations.  Plaintiff does not claim she was deliberately misled or misinformed about the appeals process by the Social Security Administration.  Plaintiff describes several personal issues, including but not limited to, deaths in the family, moving to a new state, fixing up a new house, and COVID-19, as justification for her delay.  See Doc. 13.  However, none of these obstacles were such that Plaintiff's delay was unavoidable, even with exercising diligence.  See Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (stating, in a non-Social Security context, equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'") (citations omitted).  In sum, Plaintiff has not demonstrated she is entitled to equitable tolling.

For these reasons, the appeals period in 42 U.S.C. § 405(g) has not been tolled.  Plaintiff's case is untimely by five years and should be dismissed.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss and **DISMISS** Plaintiff's Complaint.  Because I have recommended dismissal of Plaintiff's Complaint, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 25th day of January, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA